Dear Mr. Rouste:
Your request for an Attorney General's Opinion has been directed to me for research and response. You have requested an opinion on the following four questions to-wit:
 1. Does the state or local police jury pay anything for the coroner's office such as rent for office space, secretarial, office supplies? What expenses can the coroner bill the police jury for?
 2. Is the police jury required to pay dues to the Louisiana State Coroner's Association?
 3. If the coroner wanted to go to a seminar concerning methods of deaths and investigations of deaths and he wanted to take his deputy coroner with him, would the police jury be required to pay the expenses of the seminar?
 4. Would it be illegal for me to be employed by the local sheriff as a line deputy.
The answers to your first three (3) questions involve a number of statutes; too many to herein permit an in-depth analysis of each of them. However, I would call your attention to two statutes in particular: LSA-R.S. 33:1555(B) provides as follows:
 "The coroner may appoint any necessary secretaries, stenographers, clerks, technicians, investigators, official photographers, or other helpers. The salaries of these employees shall be paid by the coroner out of his fees or by arrangement with the parish governing authority; if the coroner is on a salary basis."
LSA-R.S. 33:1556(B)(1)(2) provides as follows:
 "(1) All necessary or unavoidable expenses, including supplies, incident to the operation and functioning of the coroner's office shall be paid by the parish when such expenses are certified by the coroner as being necessary or unavoidable.
 (2) When quarters for the coroner's office or a morgue are established by the parish, the parish shall furnish essential supplies and equipment for the office or morgue."
As I have stated above, the fees a coroner may charge and the expenses which may be billed to a police jury are set forth in numerous statutes. Having called your attention to the specific statutory references above, I would also direct your attention to LSA-R.S. 33:1555-1561. Since I gather that you do not have ready access to the Louisiana Revised Statutes, for your convenience, I am attaching copies of LSA-R.S.33:1551-1572, which deal with the office of coroner. You will also please note that I have attached copies of the revisions to those articles through the 1992 legislative session.
Additionally, my research has revealed that the first three questions you have asked were addressed by a previous opinion of this office. Accordingly, I have attached a copy of Attorney General's Opinion No. 90-247. I believe that you will find that Sections I and III of that opinion give you the information you are seeking.
Finally, you have asked would it be illegal for you, as coroner, to also be employed by the local sheriff "as a line deputy"? It would appear that you would be prohibited from serving as both coroner and as a full-time deputy sheriff, by LSA-R.S. 42:63(D), which provides, in pertinent part, as follows:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government in this state or in the government of a political subdivision thereof. . . ."
As coroner, you hold elective office in a political subdivision of this state. The position of deputy sheriff is a full time appointive office in a political subdivision of this state. Therefore, it is the opinion of this office that you would be prohibited form serving as an elected coroner and as a full-time deputy sheriff, by the provisions of LSA-R.S. 42:63(D).
I trust that the foregoing adequately answers the questions you have asked. However, if additional information is needed, you may feel free to contact me.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2460s